01
02
03
04
05
06
07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08  JAMEIL MIDDLETON,                          )
09                                             )    CASE NO. C06-1324RSM
            Petitioner,                        )
10                                             )
11          v.                                 )    ORDER ADOPTING REPORT AND
                                               )    RECOMMENDATION
12  NEIL CLARK,                                )
                                               )
13          Respondent.                        )
    _____        )
14

## I.  INTRODUCTION

15
16          This matter comes before the Court on the Report and Recommendation ("R&R") of

17  the Honorable Mary Alice Theiler, United States Magistrate Judge, and petitioner's objections

18  thereto.  Petitioner, proceeding *pro se*, challenges the lawfulness of his continued detention

19  without bond under section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C.
20
21  § 1226.  He also argues that his detention violates the Due Process Clause of the United States

22  Constitution, in that he has not received proper individualized detention reviews.

23          Respondent answers that petitioner is being held under INA § 241, 8 U.S.C. § 1231,

24  and his detention under this provision is lawful.  Respondent further answers that petitioner has

25  been provided proper detention reviews, and he has declined to fully participate in those
26
    reviews.

ORDER
PAGE -1

The Court, having reviewed petitioner's habeas petition, respondent's motion to dismiss, Judge Theiler's R&R, and the remaining record, hereby ADOPTS that portion of the R&R setting forth the facts of this case, Judge Theiler's conclusion that petitioner is being held pursuant to INA § 236(a), and Judge Theiler's recommendation with respect to petitioner's motion to compel. While the Court ultimately agrees with Judge Theiler's remaining recommendations, the Court writes this separate Order to further address petitioner's statutory and constitutional challenges to his continued detention as raised through his Objections.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner Jameil Middleton is a native and citizen of Belize. He has been detained by U.S. Customs and Immigration Enforcement ("ICE") since February 23, 2005. Although ICE initially determined that petitioner should remain detained pending his immigration proceedings, an Immigration Judge ("IJ") later determined that petitioner could be released upon the posting of a $20,000 bond. Petitioner did not post that bond, and remained in custody. The IJ subsequently found petitioner removable, denied his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"), and ordered him removed to Belize. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision.

Petitioner then filed a Petition for Review with the Ninth Circuit Court of Appeals. As a result, the court entered a stay of removal pending resolution of that petition. The petition for review remains pending. Petitioner's opening brief was filed June 6, 2006. *Middleton v. Gonzales*, 05-75239 (9th Cir. Sept. 8, 2005). Respondent's answering brief was filed July 26, 2006. *Id.* As of this date, the case has not been calendared for oral argument.

ORDER
PAGE -2

ICE has conducted two annual reviews of petitioner's custody since he filed the Petition for Review, in November 2005 and November 2006. In both instances, the ICE reviewing officer recommended continued detention, and the ICE Field Office Director followed such recommendation.

## III.  DISCUSSION

In his Objections, petitioner appears to assert two challenges to his detention under the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the petitioner challenged his continued detention where removal was impracticable because no country would accept him. The Supreme Court held that INA § 241, which permits detention of removable aliens beyond the 90-day removal period, does  not permit indefinite detention. 533 U.S. at 689-697 (explaining that "if Congress had meant to authorize long-term detention of unremovable aliens, it certainly could have spoken in clearer terms."). The court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. It further held that detention remains presumptively reasonable for six months. *Id.* at 701.

Petitioner first argues that prolonged detention on appeal can amount to indefinite detention under *Zadvydas*. In support of that argument, petitioner relies on two recent Ninth Circuit decisions, *Nadarajah v. Gonzales*, 443 F.3d 1066 (9th Cir. 2006), and *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005). In *Nadarajah*, the Ninth Circuit found the five-year detention of a refugee whose case was pending before the Attorney General to be unreasonable. 443 F.3d at 1080. Similarly, in *Tijani*, the court ordered an Immigration Judge to release the petitioner on bail unless the Government could prove he was a flight risk or a danger to the

ORDER
PAGE -3

01 community where he had been detained pending appeal for two years and eight months under

02 INA § 236(c). 430 F.3d at 1242.

03        This Court acknowledges that petitioner's current detention has been lengthy.

04 However, the Court, like Judge Theiler, distinguishes petitioner's situation from those in

05 *Nadarajah* and *Tijani*. First, unlike *Nadarajah*, the length of petitioner's detention is not due

06 to the Attorney General's significant delay, but rather to his Petitioner for Review, and related

07 stay of removal, which will take some time to resolve. Further, unlike *Tijani*, petitioner is not

08 being held under INA § 236(c). More importantly, unlike *Zadvydas*, petitioner's detention has

09 a definite end-point. As this Court has determined on other occasions, when the Ninth Circuit

10 decides his case he will most likely be released or removed.[1]  *Beqir v. Clark*, C05-01587RSM,

11 2006 U.S. Dist. LEXIS 41135 (W.D. Wash. June 6, 2006), *affirmed*, 2007 U.S. App. LEXIS

12 1822 (9th Cir. 2007); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004)

13 (explaining that "detention is clearly neither indefinite nor potentially permanent . . . it is,

14 rather, directly associated with a judicial review process that has a definite and evidently

15 impending termination point. . . ."). Further, if petitioner's case is remanded to the BIA, he

16 can seek relief at that time if appropriate. For these reasons, the Court agrees with Judge

17 Theiler that petitioner's detention is not indefinite.

18        Petitioner next argues that he has not been afforded adequate custody reviews.

19 Because this Court has determined that petitioner is being held under INA § 236(a), the Court

20 addresses petitioner's argument in that context. Under INA § 236(a), respondent has

---

[1] The Court acknowledges that petitioner's travel document to Belize expired in January 2006. However, the Court presumes that because respondent was able to easily secure the document once, he will be able to secure such travel document easily again.

ORDER
PAGE -4

discretion to decide whether an alien should be detained, released on bond, or released on conditional parole upon a finding of flight risk and danger to the community.  Factors to be considered include: (1) the nature and number of disciplinary infractions received while incarcerated or detained; (2) the nature and severity of criminal convictions, sentences imposed, parole history, recidivism, and other criminal history; (3) psychiatric and psychological reports; (4) evidence of rehabilitation; (5) favorable factors including ties to the United States; (6) prior immigration violations; (7) flight risk, including history of escapes and failures to appear; and (8) other information that is probative of whether the alien is likely to endanger the community or violate his or her release conditions.  8 C.F.R § 241.4(f).

Here, a review of the record indicates that respondent considered those factors when reviewing petitioner's custody status.  The ICE reviewing officer highlighted petitioner's criminal history, an existing bench warrant for failure to appear, his lack of plans for life in the community, his lack of work experience and his lack of documentation of rehabilitation.  The ICE reviewing officer also highlighted petitioner's mental status, noting that he has attempted suicide in the past and has threatened to kill himself if he is removed.  Respondent has provided evidence that petitioner was personally served with notice of each review, and of his opportunity to present letters of support.  Petitioner has failed to rebut that evidence, other than with conclusory statements that ICE hid his letters of support.  Further, while plaintiff complains that the warrant for his failure to appear in a California court was issued because he was detained in ICE custody, the record shows that the warrant was issued on June 22, 2004, approximately eight months before he was taken into ICE custody.

Accordingly, the Court finds that petitioner's detention has been implemented in a fair

ORDER
PAGE -5

manner.  Following his initial detention, petitioner had an individualized bond determination, whereupon the IJ determined that he could be released upon the posting of a $20,000 bond. His custody status has been reviewed twice since then, although petitioner has apparently declined to participate.  As a result, petitioner's continued detention does not violate procedural due process requirements.  *See Demore v. Kim*, 123 S. Ct. 1708, 1720 (2003).

## IV.  CONCLUSION

Having reviewed petitioner's habeas petition, respondent's motion to dismiss, Judge Theiler's R&R, and the remainder of the record, the Court hereby ORDERS:

(1)  Petitioner's § 2241 petition (Dkt. #7) is DENIED.

(2)  Petitioner's Motion to Compel (Dkt. #19) is DENIED.

(3)  This action is DISMISSED with prejudice.

(4)  The Clerk is directed to send copies of this Order to the parties and to Judge Theiler.

DATED this __2__ day of April, 2007.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE -6